DEWEY M. WELCHER, in His Own Behalf and in Behalf of EDSON
L. WELCHER and Another, Plaintiff, v. ROBERT T. MURPHY
and Others, Defendants.

Supreme Court, Monroe County, June 20, 1928.

Real estate — action to establish title — property devised in 1868 to owner's wife and three sons — wife died in 1904 — one son died before testator — claim is that testator died intestate as to said son's share — defense of invalidity of plaintiff's title and adverse possession by defendant were properly pleaded.

In an action to establish an interest in real property, it appeared that the property in question was devised by the owner to his wife for life, and then to his three sons and that the testator died in 1868. One of the sons predeceased the testator, and the wife of the testator died in 1904. The claim on the part of the plaintiff is that the testator died intestate as to the share of the son who predeceased him. The defendants have pleaded in the words of the statute (Real Prop. Law, § 260) that a grant of real property in the actual possession of a person claiming under adverse title is void, and that the defendants have acquired title by adverse possession.

A defense which rests upon facts that would tend to sustain the defendants' contention that the title is invalid under the statute will not be stricken out.

The defense of adverse possession depends upon the facts and in this case it was properly pleaded, since it appears that the defendants claim that from 1868 to the present time the property in question has been adversely held by them under a claim of title.

MOTION by plaintiff under rule 109 of the Rules of Civil Practice to strike out portions of the answer of Robert T. Murphy and Clara E. Murphy, Frederick Megerle and Katharina Megerle, Walter J. Froniear and Laura Froniear, William L. Partridge, and Louise Murphy and James M. Murphy, on the ground of insufficiency.

*Werner, Harris & Buck*, for the motion.

*Peter G. Smith* and *Jay A. Smith* opposed.

RODENBECK, J. The defendants, represented on this motion, claim to be the owners in fee of portions of a farm owned by James

D. Murphy in his lifetime. He died in 1868, about sixty years ago, and left his farm, by will, to his wife and three sons, and, after the death of his wife, which occurred in 1904, to his three sons in fee; but, at the time of his death, one of his sons had died, and it is claimed that the father died intestate as to the share of the deceased son. He also left two daughters, the son of one of whom appears as plaintiff, claiming a share in the property alleged to have been inherited, by intestacy, by reason of the predecease of the son mentioned.

The property left by the father, James D. Murphy, has been treated as though the two surviving sons acquired the whole title, after the death of the mother, and conveyances and mortgages have been made upon this assumption, some of the defendants holding title under such conveyances, dated as early as February 6, 1884, and rents have been collected, taxes and interest have been paid and other acts performed indicative of a claim of complete ownership.

The defendants, on this motion, rely upon the statute (Real Prop. Law, § 260) which declares void a grant of real property, in the actual possession of a person claiming under a title adverse to that of the grantor, which defendants claim applies to the conveyance to the plaintiff; and also upon title by adverse possession, based upon acts in relation to the property, left by the father, James D. Murphy, by those in possession claiming title.

The defense set up in paragraphs " seventh " and " nineteenth," which plaintiff asks to have stricken out, rests upon facts that the defendants affected may be able to establish, bringing the conveyance within the prohibition of the statute. These facts cannot be anticipated on this motion. The defense is pleaded in the language of the statute, and is sufficient, upon its face, depending for its validity as a defense upon the facts that the defendants can adduce. The defense cannot be stricken out as insufficient.

The other portions of the answers sought to be stricken out are those relating to adverse possession. This is a question of fact, also, which depends, for its value, upon the weight of the evidence that can be produced. There is such a title as adverse possession, and the defendants claim that since the death of James D. Murphy in 1868, about sixty years ago, the property left by him has been occupied, adversely, under a claim of title, without any claim having been made by the plaintiff or his predecessor in title. The defense is not insufficient in law and, if established, may bar a recovery by the plaintiff, and cannot, therefore, be stricken out.

Motion denied, with ten dollars costs of motion, to abide event.